[No. 11426. Department Two. November 21, 1913.]

## L. W. LEAVENWORTH et al., Respondents, v. ANTON BRANDON et al., Appellants.[1]

ACCOUNT, ACTION OF—PLEADINGS—COMPLAINT—EVIDENTIARY MATTER. An action is upon an open account, where the complaint alleged the sale and delivery of merchandise, its value, the amount paid, and the balance due; and the additional allegation of the execution and delivery of promissory notes therefor was evidentiary matter, which it was not error to strike out, nor reversible error to include.

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS. Varying views as to the character of an action, in rulings on the pleadings, do not warrant a reversal, where a correct judgment was finally entered.

PARTNERSHIP—LIABILITY—COMMENCEMENT OF LIABILITY. A partner is liable upon an open account, initiated prior to the formation of the partnership, where the contract of partnership relates back and covers the enterprise for the purpose of which the goods were furnished.

Appeal from a judgment of the superior court for King county, Humphries, J., entered April 14, 1913, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*James T. Lawler* and *C. M. Miller*, for appellants.

*Walter B. Allen*, for respondents.

MORRIS, J.—Respondents brought this action to recover a balance claimed to be due upon account of certain merchandise sold Kalberg & Brandon, a partnership. Judgment having been rendered as prayed for, Brandon appeals.

He contends that the action is on a number of promissory notes, executed by Kalberg for a debt contracted prior to the formation of the partnership relation, and hence no liability can be enforced against him. Complaint is also made of the ruling of the trial court in striking paragraph 5 of the complaint, upon its own motion, and subsequently reinstating it. The action is plainly one upon an open ac-

[1]Reported in 136 Pac. 375.

count. After reciting the sale and delivery of the merchandise, its value, the amount paid, and the balance claimed as due, the complaint, in paragraph 5, alleged that, subsequent to the sale, Kalberg, acting for the partnership, executed and delivered to the respondents six promissory notes, aggregating $1,853.78, under an agreement that the amount due should bear interest at eight per cent from the date of the notes. At the commencement of the trial, appellants objected to certain evidence, upon the ground that the action was on the notes. The lower court held otherwise, and struck the paragraph referring to the notes from the complaint, holding that the action was upon an open account. The trial had not proceeded very far before the trial judge changed his mind, and of his own motion reinstated the stricken paragraph, and treating it as a plea of a separate cause of action, held that two causes of action were stated, one on an open account, the other on the notes. When it came to the final decision, the trial court ruled that there was but one cause of action and that, upon an open account, and held the notes were merely evidentiary.

The fact that the lower court was, during the trial wavering in its opinion, does not destroy its judgment, if at last the right conclusion was reached and incorporated in the judgment. The action being on an open account, the notes were merely evidentiary matter and had no place in the complaint; hence, it could not be error to strike reference to them. And while the insertion of evidentiary matter in a complaint is bad practice and the court should not have again burdened the complaint with it, we do not think that doing so was such a vice as to call for a reversal of the judgment. The evident fact that the trial judge had difficulty in determining the character of the action, and insisted on changing the complaint to suit his varying views, should not vitiate a judgment which the evidence convinces us was properly entered. The contract of partnership, while entered into subsequent to the commencement of the delivery of the mer-

chandise, by its express terms relates back and covers the enterprise for the purpose of which the goods were furnished, and there can be no question but that appellant was liable as a partner.

The judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.